Benjamin Brenner, J.
In an action for libel defendant moves pursuant to rule 106 of the Rules of Civil Practice to dismiss the complaint on the ground that it fails to state facts *463 sufficient to constitute a cause of action. The writing alleged to be libelous is as follows: “ Oanarsie Woman’s Car In Hit-Run Accident Howard Dubowsky 13 * * * claimed a head injury when he was struck by a hit and run auto bearing license No. 8 K 718 * # * Police established that Kathleen Mullins, 1161 E. 89 Street owned the car. The Dubowsky family waived criminal charges prior to their own court action.” Special damages are not pleaded. The question thus involved is whether the wrong complained of is libelous per se. In my opinion this must be answered in the negative. The words complained of are to be taken and understood in the sense which is most natural and obvious and according to the ideas they are calculated to convey. The test of libel is 1 ‘ whether to the mind of an intelligent man the tenor of the article and the language used naturally import a criminal or disgraceful charge ” (Rossiter v. New Yorh Press Co., 141 App. Div. 339). This writing, apart from the final sentence, merely recites plaintiff’s ownership, not that she was herself the hit-run operator. The last sentence plainly asserts that criminal charges are not to be made. It seems to me that such a clear statement that criminal charges by a private citizen have been waived is not libelous per se. The writing does not charge the commission by plaintiff of a crime, does not expose her to public hatred, contempt, scorn, aversion or ridicule. It does not tend to disgrace or to degrade her or to induce an evil opinion of her. The plaintiff contends that in a broad sense the entire writing signifies an accusation of crime. This presupposes that the reading public is illiterate as well as unintelligent and cannot discern from the words “ waived criminal charges ” that the owner is not to be prosecuted. Such contention assumes, too, that in the absence of words to that effect, the writing conveys the idea that the owner was also the driver, or, if not, that regardless of who was the hit-run driver, the owner is also criminally liable. These are unwarranted assumptions. Baseless assumptions may not be substituted for natural and obvious language that does not impute criminal or disgraceful conduct. Motion is granted with leave to plaintiff to serve an amended complaint within 20 days after the service of the order to be entered herein. Settle order on notice.